IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JAY CASHMAN, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 06-101C |
| v. | ) | (Judge Allegra) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint of plaintiff Jay Cashman, Inc. ("Cashman"), defendant, the United States, admits, denies, and alleges as follows:

1. Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

2. Admits the allegation contained in paragraph 2 that defendant is the United States and that U.S. Army Corps of Engineers, New York District, is an agency of the United States; otherwise denies the allegations contained in paragraph 2.

3. The allegations contained in paragraph 3 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

4. Admits the allegation contained in paragraph 4 to the extent supported by the solicitation cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 4.

5. Admits the allegation contained in paragraph 5 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 5.

6. Admits the allegation contained in the first sentence of paragraph 6 that dredging involves, among other things, removal of material from the ground submerged under a body of water. Admits the allegations contained in the second sentence of paragraph 6 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 6. Admits the allegation contained in the third sentence of paragraph 6 that the six acceptance areas totaled approximately 820,000 square yards to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies this allegation in the third sentence of paragraph 6; the remaining allegations contained in paragraph 6 are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

7. Admits the allegation contained in paragraph 7 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 7.

8. Admits the allegations contained in paragraph 8; avers that surveys are used during contract performance both for acceptance of work and for payment. Average depth is used for volume calculations and minimum depth is used for acceptance.

9. Admits.

10. Admits the allegations contained in the first sentence of paragraph 10 that operation of the multibeam sonar equipment generates hundreds of thousands of data points; denies the remaining allegations contained in the first sentence of paragraph 10; avers that computer programs are used to represent the data. Denies the allegations contained in the second sentence of paragraph 10; avers that data from the multibeam sonar equipment is represented in small, incremental areas, typically one square yard in area, which is referred to as "bins" or "cells."

11. Denies the allegations contained in paragraph 11; avers that there are three separate data sets used to represent the bathymetry at the time of the survey: the minimum depth, which is used for acceptance; the average depth, which is used for volume calculations; and the map data set, which represents general condition of the bottom at the time of the survey.

12. Admits the allegation contained in the first sentence of paragraph 12; avers that minimum depth is utilized for acceptance. Admits the allegation contained in the second

sentence of paragraph 12; avers that average depth is utilized for volume calculations.

13. Denies.

14. Admits the allegations contained in paragraph 14 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 14.

15. Denies.

16. The allegations contained in paragraph 16 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

17. The allegations contained in paragraph 17 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

18. The allegations contained in paragraph 18 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

19. Admits the allegation contained paragraph 19 that, "[a]s work progressed," the Government "repeatedly notified Plaintiff that its acceptance surveys indicated that material remained above the contract excavation limits and directed

Plaintiff to redredge those areas"; denies the remaining allegations contained in paragraph 19.

20. The allegations contained in the first sentence of paragraph 20 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegation contained in the second sentence of paragraph 20.

21. Admits the allegations contained in paragraph 21 to the extent supported by the October 1, 2004 letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 21.

22. The allegations contained in paragraph 22 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

23. Admits the allegation contained in the first sentence of paragraph 23. Admits the allegation contained in the second sentence of paragraph 23 that "agency policy in effect at the time of the Contract award" is set forth "in EM 1110-2-1003, HYDROGRAPHIC SURVEYS (1 Jan 02)"; denies the remaining allegations contained in the second sentence of paragraph 23; avers that EM 1110-2-1003 is not the only "agency policy in effect at the time of Contract award." Denies the allegation contained in the third sentence of paragraph 23.

24. The allegations contained in paragraph 24 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

25. Admits.

26. Admits the allegations contained in paragraph 26 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 26.

27. Defendant incorporates by reference its responses to paragraph 1 through 26 of the complaint.

28. Denies.

29. Admits the allegations contained in paragraph 29 to the extent supported by the FAR provision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 29.

30. The allegations contained in paragraph 30 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

31. Defendant incorporates by reference its responses to paragraph 1 through 30 of the complaint.

32. The allegations contained in paragraph 32 constitute conclusions of law and plaintiff's characterization of its case,

to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

33. The allegations contained in paragraph 33 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

34. Defendant incorporates by reference its responses to paragraph 1 through 33 of the complaint.

35. Admits the allegations contained in paragraph 35 to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 35.

36. The allegations contained in paragraph 36 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

37. The allegations contained in paragraph 37 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

38. The allegations contained in paragraph 38 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

39. Denies that plaintiff is entitled to the relief set forth in the prayer for relief or to any relief whatsoever.

40. Denies each and every allegation not previously admitted or otherwise qualified.

AFFIRMATIVE DEFENSES

41. Plaintiff's claims are barred by the doctrine of payment insofar as plaintiff has received payment and has been fully compensated according to the terms and conditions of the contract.

42. Plaintiff’s claims are barred by the doctrine of accord and satisfaction.

43. Plaintiff’s claims are barred by the doctrine of assumption of the risk.

WHEREFORE, defendant requests that the Court enter judgment in favor of defendant, order that the complaint be dismissed, and that the Court grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

OF COUNSEL:

DONALD M. HARRIS
Engineer Trial Attorney
U.S. Army Engineer District
New York

s/ David B. Stinson
DAVID B. STINSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St.
Washington, D.C. 20530
Tele: (202) 307-0163
Fax: (202) 514-8624

JUNE 9, 2006

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on June 9, 2006, a copy of the foregoing "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David B. Stinson
DAVID B. STINSON