IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JAY CASHMAN, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 06-101C |
| v. | ) | (Judge Allegra) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

JOINT PRELIMINARY STATUS REPORT

Pursuant to Rule 16 and Appendix A of the Rules of the United States Court of Federal Claims, plaintiff Jay Cashman, Inc., and defendant, the United States, by their representative attorneys, respectfully submit this Joint Preliminary Status Report:

**a. Does the Court have jurisdiction over the action?**

Plaintiff states that the Court has jurisdiction to consider and decide this action pursuant to 41 U.S.C. § 609. Defendant is not aware of a basis upon which to challenge the Court's jurisdiction at this time.

**b. Should the case be consolidated with any other case?**

The parties agree that this case should not be consolidated with any other case.

**c. Should the trial of liability and damages be bifurcated?**

At this time, the parties do not believe that trial should be bifurcated as to liability and damages.

**d. Should further proceedings in this case be deferred pending consideration of another case before this Court or any other tribunal?**

The parties agree that further proceedings in this case should not be deferred pending consideration of another case before this Court of any other tribunal.

**e. Will a remand or suspension be sought?**

The parties do not believe that remand or suspension will be sought.

**f. Will additional parties be joined?**

The parties do not currently anticipate that additional parties will be joined.

**g. Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56, and, if so, what is the proposed schedule for the intended filing?**

The parties anticipates filing cross-motions for summary judgment as to the issue of liability after the close of discovery.

**h. What are the relevant issues?**

Plaintiff identifies the following relevant issues:

1. Whether it was reasonable for the contractor to assume, when bidding and performing the project, that the Corps of Engineers would not be conducting acceptance surveys on the basis of the minimum depth survey method.

2. Whether the Corps of Engineers changed the contract by applying minimum depth survey criteria for acceptance surveys during contract performance.

Defendant identifies the following relevant issue:

1. Whether the contract provided that, for the purpose of accepting a contract acceptance area of work, the Corps of Engineers would utilize the minimum depth survey method.

2. Whether the contractor was required to achieve the contract depth set forth in the contract, regardless of the type of survey method utilized for determining acceptance of work.

3. Whether the contractor reasonably assumed that the Corps of Engineers would utilize the average survey method for purposes of accepting a contract acceptance area of work.

4. Whether the contractor already has been compensated pursuant to the contract terms for material removed from the project.

**i. What is the likelihood of settlement?**

The parties currently do not anticipate that the case will settle, however, the parties intend to discuss settlement after discovery is completed.

**j. Do the parties anticipate proceeding to trial? Does any party, or do the parties jointly, request expedited trial scheduling? What is the requested place of trial?**

Assuming that the case is not resolved upon cross-motions for summary judgment, or that the case does not settle, the

parties anticipate proceeding to trial. Neither party requests expedited trial scheduling. If a trial is required, the parties request the trial be held in Washington, D.C.

**k. Are there special issues regarding case management needs?**

The parties are unaware of any special issues regarding case management needs.

**l. Is there any other information of which the Court should be aware of at this time?**

The parties are unaware of any other information of which the Court should be aware of at this time.

**m. Discovery Plan**

The parties propose the following discovery deadlines:

| | |
|---|---|
| Exchange of initial disclosures: | August 31, 2006 |
| Designation of Experts: | December 29, 2006 |
| Designation of Rebuttal Experts: | January 26, 2007 |
| Plaintiff's Expert Report: | April 27, 2007 |
| Defendant's Expert Report: | June 8, 2007 |
| Plaintiff’s Rebuttal Expert Report: | July 13, 2007 |
| Defendant’s Rebuttal Expert Report: | August 17, 2007 |
| Close of Discovery: | September 14, 2007 |

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/ David B. Stinson
DAVID B. STINSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St.
Washington, D.C. 20530
Tele: (202) 307-0163
Fax: (202) 514-8624

Attorneys for Defendant

OF COUNSEL:

DONALD M. HARRIS
Engineer Trial Attorney
U.S. Army Engineer District
New York

JULY 28, 2006

s/ Michael H. Payne
Michael H. Payne, Esq.
Payne Hackenbracht & Sullivan
220 Commerce Dr., Suite 100
Fort Washington, PA 19034
Tele: (215) 542-2777
Fax: (215) 542-2779

Attorney for Plaintiff

CERTIFICATE OF FILING

I hereby certify that on July 28, 2006, a copy of the foregoing "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David B. Stinson
DAVID B. STINSON